UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ADAM PASSARELLI,

        Plaintiff,

v.

TRACEY GIBBONS et al.,

        Defendants.
_____/

Case No. 1:23-cv-716

Honorable Phillip J. Green

**OPINION**

    This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 6.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 4.)

    In an order (ECF No. 7) entered on July 18, 2023, the Court directed Plaintiff to file an amended complaint within 28 days. On August 14, 2023, the Court received two amended complaints (ECF Nos. 8 and 9), both of which were docketed in this case. The Court subsequently indicated that the claims Plaintiff presented in each amended complaint were completely different and did not arise out of the same transaction or occurrence. The Court, therefore, severed Plaintiff's claims raised in ECF No. 9 from his claims raised in ECF No. 8 and directed that the Clerk open a new case using ECF No. 9 as the complaint. (ECF No. 10.) Accordingly, the amended complaint docketed at ECF No. 8 is the operative complaint in this action.

    This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C.

§ 1915A(b) and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendant(s) is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all

2

proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way that they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

The PLRA requires the Court to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's federal claims against Defendants Gibbons, Hilson, Johnson, Winters, Kacel, Hepworth, and Baker on grounds of immunity and for failure to state a claim. Any intended state law claims against those Defendants will be dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over such claims.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

**Discussion**

**I.      Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Jackson County, Michigan. The events of which Plaintiff complains, however, occurred in Muskegon County, Michigan. Plaintiff sues Tracey Gibbons[2]; prosecutor Dale J. Hilson, Jr.; public defenders Frederick D. Johnson, Jr., and P.M. Winters; Judge Matthew R. Kacel; and Muskegon Police Department Detectives Unknown Hepworth and Unknown Baker. (ECF No. 8, PageID.20.)[3] Plaintiff indicates that he is suing all Defendants, with the exception of Defendant Gibbons, in their official capacities only. (*Id.*) Plaintiff sues Defendant Gibbons in his personal capacity. (*Id.*)

Plaintiff alleges that in April of 2021, he was "interrogated by 2 detectives." (*Id.*, PageID.21.) Plaintiff claims that the detectives asked him about Defendant Gibbons, who claimed that Plaintiff assaulted him. (*Id.*) Plaintiff denied assaulting Defendant Gibbons, but explained "how [Plaintiff] woke up [with his] pants down [and Defendant Gibbons'] hands on [Plaintiff's] genitals." (*Id.*) Plaintiff claims that he was not allowed to press charges. (*Id.*)

Plaintiff later ran into Defendant Gibbons, who was wearing a trench coat and hat, at the 3rd Street Market. (*Id.*) Two weeks later, Plaintiff was arrested pursuant to a warrant. (*Id.*) Plaintiff told his public defenders and the judge "what [Defendant Gibbons] did to [him]." (*Id.*) Plaintiff claims that he was drugged, and Defendant Gibbons sexually assaulted him. (*Id.*) Plaintiff contends that Defendants Hilson and Winters told Plaintiff to "shut [his] mouth about it." (*Id.*) Plaintiff "signed for 19 months [with] credit [for] time served for 12 months." (*Id.*) Plaintiff claims,

---

[2] Plaintiff identifies Defendant Gibbons as a "friend." (ECF No. 8, PageID.20.)

[3] In this opinion, the Court corrects the capitalization in quotations from Plaintiff's filings.

4

however, that Defendant Kacel instead sentenced him to 74 months, with credit for one year served. (*Id.*) Plaintiff asserts that Defendant Gibbons "lied about the entire situation." (*Id.*)

According to the MDOC's Offender Tracking Information System (OTIS), Plaintiff is currently serving a sentence of 6 years, 4 months' to 26 years' incarceration after pleading *nolo contendere* to assault with intent to commit great bodily harm. *See* OTIS, https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=954240 (last visited Sept. 8, 2023). The Court liberally construes Plaintiff's complaint to assert constitutional claims related to his criminal prosecution against Defendants Gibbons, Hilson, Johnson, Winters, Kacel, Hepworth, and Baker. His allegations may also give rise to state law tort claims for assault. As relief, Plaintiff asks that the Court "help appeal [his] case." (ECF No. 8, PageID.23.) Plaintiff also asks for Defendant Gibbons to be charged "for sexual conduct" and that Defendant Gibbons be ordered "to appear in court [with] the truth [and an] apology." (*Id.*) Plaintiff also appears to seek damages. (*Id.*)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer

5

possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

### A.  Section 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). As noted above, the Court has construed Plaintiff's complaint to assert constitutional claims related to his criminal prosecution against Defendants Gibbons, Hilson, Johnson, Winters, Kacel, Hepworth, and Baker. However, for the reasons discussed below, Plaintiff cannot maintain such claims.

#### 1.  Defendant Gibbons

Plaintiff's first named Defendant is Tracey Gibbons, who he refers to as a "friend." (ECF No. 8, PageID.20.) Plaintiff contends that Defendant Gibbons sexually assaulted him. (*Id.*, PageID.21.) It also appears that Defendant Gibbons was Plaintiff's victim with respect to Plaintiff's conviction for assault with intent to commit great bodily harm.

In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d

6

at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Where a defendant is not a state official, his or her conduct will be deemed to constitute state action only if it meets one of three narrow tests. The first is the symbiotic relationship test, or nexus test, in which the inquiry focuses on whether "the State had so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." *Jackson*, 419 U.S. at 357–58. Second, the state compulsion test describes situations "in which the government has coerced or at least significantly encouraged the action alleged to violate the Constitution." *NBC v. Commc'ns Workers of Am.*, 860 F.2d 1022, 1026 (11th Cir. 1988); *accord Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170 (1970). Finally, the public function test covers private actors performing functions "traditionally the exclusive prerogative of the State." *Jackson*, 419 U.S. at 353; *accord West*, 487 U.S. at 49–50. *See generally Lugar*, 457 U.S. at 936–39 (discussing three tests).

Here, Plaintiff's amended complaint is devoid of factual allegations suggesting that Defendant Gibbons' conduct could be fairly attributable to the State. Even if Defendant Gibbons provided information to law enforcement regarding Plaintiff's crime, the Sixth Circuit has noted that "[p]roviding information to the police, responding to questions about a crime, and offering witness testimony at a criminal trial does not expose a private individual to liability for actions taken 'under color of law.'" *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009). The Court, therefore, will dismiss Plaintiff's § 1983 claims against Defendant Gibbons.

### 2. Defendant Hilson

Plaintiff has named prosecutor Dale J. Hilson, Jr., as a Defendant. Plaintiff claims that Defendant Hilson told him to "shut [his] mouth" about what Defendant Gibbons allegedly did to Plaintiff. (ECF No. 8, PageID.21.)

As an initial matter, Plaintiff has named Defendant Hilson in his official capacity only. Official capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 690, n. 55 (1978)). An official capacity suit is to be treated as a suit against the entity itself. *Id*. at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)); *see also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). "Individuals sued in their official capacities stand in the shoes of the entity they represent," and the suit is not against the official personally. *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003); *Graham*, 473 U.S. at 165–66. Although prosecutors may be elected county officials or employed by the county, prosecutors in Michigan are deemed to be state agents when prosecuting state criminal charges. *Cady v. Arenac Cnty*., 574 F.3d 334, 342–43 (6th Cir. 2009). Therefore, Plaintiff's claims against Defendant Hilson in his respective official capacity are actually claims against the State of Michigan.

Regardless of the form of relief requested, the states are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874,

877 (6th Cir. 1986). Accordingly, Plaintiff has failed to state a claim against Defendant Hilson in his official capacity.

In any event, Defendant Hilson is also entitled to absolute immunity for his actions in prosecuting the criminal action against Plaintiff. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *See Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Acts which occur in the course of the prosecutor's role as advocate are entitled to the protection afforded by absolute immunity, in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276–78 (1993); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role as an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797.

Here, the actions of Defendant Hilson—charging Plaintiff and prosecuting him for violations of state law—are intimately associated with the judicial phase of the criminal process. Plaintiff's complaint is devoid of facts from which the Court could infer that Defendant Hilson took any investigatory or administrative actions that would fall outside the scope of prosecutorial immunity. Moreover, to the extent Plaintiff faults Defendant Hilson for not charging Defendant Gibbons as well, Plaintiff "lacks a judicially cognizable interest in the prosecution or

9

nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986). Accordingly, Defendant Hilson is entitled to immunity from Plaintiff's claims against him, and such claims will be dismissed.

### 3. Defendants Johnson and Winters

Plaintiff has also named public defenders Frederick D. Johnson, Jr., and P.M. Winters as Defendants in this matter. The Court presumes that Plaintiff alleges that Defendants Johnson and Winters provided ineffective assistance in violation of Plaintiff's Sixth Amendment right to the effective assistance of counsel.

Plaintiff, however, cannot establish that Defendants Johnson and Winters were state actors for purposes of § 1983. "It is well-settled that a lawyer representing a client is not a state actor 'under color of law' within the meaning of § 1983." *Dallas v. Holmes*, 137 F. App'x 746, 752 (6th Cir. 2005) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)). Even if Defendants Johnson and Winters were paid by the State of Michigan because of their positions as public defenders, such does not transform them into state actors. *See Powers v. Hamilton Cnty. Public Defender Comm'n*, 501 F.3d 592, 611 (6th Cir. 2007) (stating that "public defenders do not 'act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding'"). Thus, while Plaintiff had a Sixth Amendment right to effective assistance of counsel during his criminal proceedings, "[i]neffective assistance of counsel does not rise to the level of a cause of action under [§ 1983] because there is insufficient government involvement." *Barham v. Edwards*, 566 F. Supp. 1497, 1499 (M.D. Tenn. 1983). For that reason alone, Plaintiff's § 1983 claims against Defendants Johnson and Winters will be dismissed.

### 4. Defendant Kacel

Plaintiff has also named Judge Matthew R. Kacel, the circuit court judge who presided over his criminal proceedings, as a Defendant. As an initial matter, Plaintiff has named Defendant

Kacel in his official capacity only. The Michigan courts operate as arms of the State and are entitled to the same sovereign immunity as the State of Michigan. *See Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762–64 (6th Cir. 2010). This sovereign immunity extends to Michigan state court judges sued in their official capacities. *See id.* at 764. Accordingly, Plaintiff has failed to state a claim against Defendant Kacel in his official capacity.

In any event, judges are "generally absolutely immune from civil suits for money damages." *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Two exceptions to this general rule exist: (1) for "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity"; and (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

Here, Plaintiff alleges only that he told Defendant Kacel about what Defendant Gibbons did to him, and that Defendant Kacel sentenced him "to 74 months." (ECF No. 1, PageID.21.) Sentencing is clearly an action taken in a judge's judicial capacity, and Plaintiff has alleged no facts from which the Court could conclude that Defendant Kacel was acting in the complete absence of all jurisdiction. Thus, Plaintiff cannot maintain a claim against Defendant Kacel for monetary damages.

Moreover, to the extent Plaintiff seeks injunctive relief against Defendant Kacel, such relief "shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *See* 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Plaintiff's complaint is devoid of allegations suggesting that Defendant Kacel violated a declaratory decree or that declaratory relief was unavailable. Plaintiff, therefore, cannot maintain

11

a claim for injunctive relief against Defendant Kacel. Accordingly, for the reasons set forth above, Defendant Kacel will be dismissed.

### 5. Defendants Hepworth and Baker

Plaintiff has named two detectives, Hepworth and Baker, from the Muskegon Police Department as Defendants in this matter. Plaintiff, however, has named them in their official capacities only. (ECF No. 8, PageID.20.) As noted *supra*, an official capacity suit is to be treated as a suit against the entity of which the officer is an agent. *Graham*, 473 U.S. at 166. Here, that entity is the Muskegon Police Department. However, the Police Department is "subsumed within [the City of Muskegon] as a municipal entity to be sued under § 1983." *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *May-Shaw v. City of Grand Rapids*, No. 1:19-cv-117, 2019 WL 2265076, at *3 (W.D. Mich. May 28, 2019).

A municipality, however, may not be held liable for the actions of its employes under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989). Instead, a municipality is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the county. *See Monell*, 436 U.S. at 690. Moreover, the Sixth Circuit has explained that a custom "for purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.* at 508. Here, Plaintiff's complaint is devoid of any allegations suggestions that his alleged

constitutional injuries were the result of an official policy or custom employed by the City of Muskegon or the Muskegon Police Department. Accordingly, the Court will dismiss Plaintiff's claims against Defendants Hepworth and Baker.

### B. Supplemental Jurisdiction

As noted above, Plaintiff's allegations could give rise to liability for state law torts, including, but not limited to, assault. Any assertion that any Defendant violated state law fails to state a claim under § 1983. *See Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Nonetheless, to the extent Plaintiff seeks to raise such state law claims, the claims could fall within the supplemental jurisdiction of the Court.

In determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotation marks omitted)). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). Here, the Court has dismissed Plaintiff's federal claims against Defendants Gibbons, Hilson, Johnson, Winters, Kacel, Hepworth, and Baker. Accordingly, the Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff intended to raise, and those claims will be dismissed without prejudice.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims will be dismissed on grounds of immunity and for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Any intended state law claims against will be dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over such claims.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   September 8, 2023                                  /s/ Phillip J. Green
                                                            Phillip J. Green
                                                            United States Magistrate Judge